**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TAMMY MULVAINE, | : | |
| 105 Berry Street. | : | |
| Upper Sandusky, OH 43351, | : | |
| On behalf of herself, and those | : | Civil Action No.3:18cv703 |
| Similarly situated | : | |
|      Plaintiff, | : | |
| | : | |
|   v. | : | JUDGE |
| | : | |
| WYANDOT COUNTY EMS | : | |
| c/o William Clinger | : | |
| Steven Seitz | : | |
| Ron Metzger | : | |
| Wyandot County Commissioners | : | |
| 109 S Sandusky Ave # 10 | : | |
| Upper Sandusky, OH 43351 | : | |
| | : | MAGISTRATE JUDGE |
| | : | **JURY DEMAND ENDORSED HEREON** |
|    Defendants. | : | |

**COMPLAINT**

## I.  COLLECTIVE ACTION COMPLAINT

**I. Preliminary Statement**

1.  Plaintiff, on behalf of herself and all similarly situated individuals, brings this collective action against Defendant Wyandot County Emergency Medical Services ("EMS") for monetary, declaratory, equitable, and injunctive relief due to its willful failure to compensate its hourly Emergency Medical Technicians ("EMT") with overtime pay in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, committed, in reckless disregard of their rights under the FLSA and despite its actual or constructive knowledge based on its requiring EMTs to attend monthly meetings and twice annual events without compensating them or providing them compensatory time.

II.    **Jurisdiction**

2.    This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. §216(b), and R.C. 2743.02.

III.    **Parties**

3.    Plaintiff Tammy Mulvaine is a certified EMT who was employed by Defendant in a full time capacity from November 2014, until her termination in September 2017. Ms. Mulvaine did not have any administrative or supervisory duties as a full time EMT, nor did she have authority to hire, fire or discipline other EMTs. Ms. Mulvaine  was an employee of a "public agency" covered by the FLSA, 29 U.S.C. § 203(e)(2)(C);

4.    Defendant Wyandot County EMS is an agency of Wyandot County which provides emergency medical and other lifesaving services to the residents of Wyandot County. Defendant employs more than one dozen EMTs in both full and part time capacities, and is a "public agency" covered by the FLSA, 29 U.S.C. § 203(d).

IV.    **Facts**

5.    Ms. Mulvaine began her career with Defendant as a part time EMT in March 2005, she performed well in that capacity and was eventually promoted to a full time EMT in November 2014.

6.    When Ms. Mulvaine was promoted to a full time position in 2014, her duties remained largely the same as when she was in a part time capacity. Ms. Mulvaine was not given any supervisory authority over part time EMTs.

7.    As a full time EMT, Ms. Mulvaine would often times work in excess of 40 hours in a work week. When she worked in excess of 80 hours in a two week pay period she was paid at one and one half time her regular hourly rate.

2

8.      At no point during her career with Defendant was Ms. Mulvaine or any other similarly situated EMT offered compensatory time in lieu of overtime payment.

9.      In addition to working her normally scheduled shift, Ms. Mulvaine and all other EMTs were required to attend a monthly meeting at the station house.

10.     Defendant recorded the attendance of EMTs and other employees at each of these meetings.

11.     EMTs were required to attend no less than 10 of these meetings each year, unless Defendant had expressly and in advance approved their absence from a meeting.

12.     If an EMT was not excused from the meeting and did not attend, Defendant would issue the EMT verbal or written discipline. In some cases, missing these meetings would be used a justification for termination.

13.     At the start of many of these meetings, EMTs were required to clean ambulances and other equipment at the station house.

14.     The cleaning of the equipment would normally take between forty-five minutes and one hour.

15.     After the EMTs finished the cleaning, they were required to either perform training in-services or attend a meeting related to Defendant's business or operations.

16.     These monthly meetings would generally last about one and one half or two hours.

17.     Ms. Mulvaine and all other EMTs who attended these meetings were not compensated for their time at either their regular or overtime rates.

18.     Ms. Mulvaine and all other EMTs were not offered compensatory paid time off for attending the meetings.

19.     In addition to these mandatory monthly meetings, there were other mandatory events that Defendant had its employees attend without compensation.

20.     Each fall, there is a car show in Upper Sandusky, Defendant uses the car show as a fundraising opportunity to sell meals as part of a chicken barbeque.

21.     Defendant would require its EMTs and other employees to sign up for no less than one eight hour shift per year.

22.     During these shifts, Defendant would require Ms. Mulvaine and the EMTs to either set up a cooking and seating area for the event, cook food, serve food, or clean up the event.

23.     Much like with the monthly meetings, Ms. Mulvaine and other EMTs were not compensated or offered compensatory time for the work at the car show.

24.     Much like with the monthly meetings, if Ms. Mulvaine or the other EMTs did not attend the car show without an approved excuse they were subject to verbal or written discipline.

25.     In addition to the monthly meetings, and the car show, Defendant also required Ms. Mulvaine and other EMTs to sign up for an eight hour shift at an annual community outreach event.

26.     During the event, Ms. Mulvaine and other EMTs would perform drills and demonstrations for the public, and interact with member of the community.

27.     Defendant also ran a food stand that was staffed by its employees.

28.     Neither Ms. Mulvaine nor other EMTs were paid for their mandatory shifts at the community event. Neither Ms. Mulvaine nor other EMTs were provided compensatory time for the shift working at the community event.

29.     If Ms. Mulvaine or the other EMTs did not have an approved excuse to miss the community event, they were subject to verbal or written discipline.

30.     The class of similarly situated employees to Ms. Mulvaine consists of the following: all full time EMTS who worked 40 hours per week, attended monthly meetings and "volunteer events", and were not compensated for those meetings and "volunteer events" at one and one half times their regular hourly rate, or provided compensatory time in lieu of overtime compensation for attending those meetings.

V.     **Cause of Action**

31.     Paragraphs 1 through 30 are incorporated herein as if fully set forth.

32.     By not paying one-and-one-half times the regular hourly rate to Plaintiff and all other similarly situated individuals for hours worked in excess of forty hours each week when they had mandatory meetings or community events, Defendant willfully violated the FLSA.

**VI.     Prayer for Relief**

WHEREFORE, Plaintiffs and the Collective Class are entitled to and pray for the following relief:

A.     An order permitting this litigation to proceed as a representative action;

B.     Prompt notice, pursuant to 29 U.S.C. §216(b), to all Collective Class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.     A declaration that Defendant has violated the FLSA;

D.     Compensatory damages, exceeding $10,000, in an amount equal to the difference between the time-and-a-half payments required under the FLSA and the amount of compensation actually paid them by Defendant;

E.      Liquidated damages of double the amount of compensatory damages or, in the

alternative, prejudgment and postjudgment interest;

F.      Costs and attorneys' fees; and

G.      Such other relief as the Court deems fair and equitable.

                                    Respectfully submitted,

Respectfully submitted

                                    By: ___/s/ John S. Marshall____
                                    John S. Marshall (0015160)
                                    (jmarshall@marshallforman.com)
                                    Edward R. Forman (0076651)
                                    (eforman@marshallforman.com)
**OF COUNSEL:**                     Samuel M. Schlein (0092194)
Louis A. Jacobs (002101)            (sschlein@marshallforman.com)
(LAJOhio@aol.com)                   MARSHALL AND FORMAN LLC
177 19th St., Apt. 9C               250 Civic Center Dr., Suite 480
Oakland, CA 94612                   Columbus, Ohio 43215-5296
(614) 203-1255                      (614) 463-9790
Fax (510) 250-9007                  Fax (614) 463-9780

1.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues and defenses triable to a jury.

                                    By: ___/ s/ John S. Marshall _____
                                    John S. Marshall (0015160)